**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALFREDO SALAS-SILVA, )<br>)<br>Defendant. )<br>)<br>_____ ) | 3:20-cr-00054-RCJ-CLB<br><br>**ORDER** |

Defendant is before this Court on the single-count Indictment (ECF No. 1), which alleges that he committed the crime of "Deported Alien Found in the United States" in violation of 8 U.S.C. § 1326(a)–(b). (ECF No. 1.) On April 22, 2022, Defendant filed a motion to dismiss the case claiming that Section 1326 violates the equal protection guarantee of the Fifth Amendment and is therefore facially unconstitutional. (ECF No. 36.) To support this motion, Defendant merely "incorporates by reference the record in *United States v. Carrillo-Lopez*, [555 F. Supp. 3d 996 (D. Nev. 2021)], including the order dismissing the indictment against Mr. Carrillo-Lopez." (*Id.* at 1:21–23.) The Government has responded (ECF No. 37), and Defendant replied (ECF No. 40). The Court has carefully considered the filings and, for the reasons stated herein, it denies the motion.

The Government first argues that the motion should be denied on a technicality—that is, Defendant's motion is only based upon the record of another case, so it argues the motion lacks the required points and authorities. (ECF No. 36 at 2.) The Government is correct. However, while the Defendant's error is easily remedied, it is a remedy without purpose. The parties would refile their briefs and submit a record that mirrors the record already developed in the *Carrillo-Lopez* matter. As a result, granting the motion on this basis will merely delay a ruling while wasting the resources of both the Court and the litigants.

Further, following the decision in *Carrillo-Lopez*, the reasoning of that decision has been addressed by numerous district courts, none of whom have followed *Carrillo-Lopez*. As a practical matter, the Defendant's motion effectively requires consideration of those decisions as much as it will require consideration of the decision of the *Carrillo-Lopez* court. Requiring the parties to refile their briefs will not substantially assist the Court in deciding whether to follow *Carrillo-Lopez* in finding that Section 1326 violates the Equal Protection Clause of the Fifth Amendment. In the interests of judicial efficiency, and to prevent the parties from having to refile briefs, the Court will consider the motion as if Defendant had properly briefed the issue, rather than simply referencing the record and arguments developed in *Carrillo-Lopez*.

Turning to the merits, the Government makes three claims that the *Carrillo-Lopez* court erred and deviated from binding precedent: (1) rational basis applies even if Congress passed Section 1326 with a racial animus motivation because Section 1326 is an immigration statute with limited judicial review; (2) there is insufficient evidence that Congress enacted Section 1326 even partially because of racial animus; and (3) Congress has amended Section 1326 five times since it enacted this statute in 1952, each time without any evidence it was motivated by racial animus.

This Court follows the reasoning of the majority of courts to consider this issue and respectfully agrees with the Government.

1    ***A.      Courts have limited review of immigration statutes, as such rational basis applies.***

2           The *Carrillo-Lopez* court held that strict scrutiny applied under *Vill. of Arlington Heights*

3    *v. Metro. Hous. Dev. Corp.* (*Arlington Heights*), 429 U.S. 252, 265 (1977). Under *Arlington*

4    *Heights*¸ a law is generally subject to strict scrutiny if the challenger of the statute shows that a

5    racially discriminatory intent or purpose was a motivating factor in its passage unless the

6    government shows that Congress would have enacted the law absent such intent or purpose. *Id.* at

7    265–66, 270 n.21. While this provides the general framework, the Supreme Court has repeatedly

8    held that courts have limited judicial review over immigration matters because "the power over

9    aliens is of a political character." *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n. 2, (1976);

10   *accord, e.g.*, *Trump v. Hawaii*, 138 S. Ct. 2392, 2418 (2018) ("For more than a century, this Court

11   has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign

12   attribute exercised by the Government's political departments largely immune from judicial

13   control.'" (quoting *Fiallo v. Bell*, 430 U.S. 787, 792 (1977)); *Kleindienst v. Mandel*, 408 U.S. 753,

14   765 (1972). For this reason, this Court joins the large majority of courts to consider this issue and

15   holds that *Arlington Heights* does not apply to Section 1326—rather rational basis review does.

16   *See, e.g.*, *United States v. Maurico-Morales,* No. CR-21-298-R, 2022 WL 99996, at *1 (W.D.

17   Okla. Jan. 10, 2022); *United States v. Rivera-Sereno*, No. 2:21-CR-129, 2021 WL 5630728, at *4

18   (S.D. Ohio Dec. 1, 2021); *United States v. Samuels-Baldayaquez*, No. 4:20-cr-83, 2021 WL

19   5166488, at *2 (N.D. Ohio Nov. 5, 2021).

20          Finding rational basis to be applicable, the Court readily holds that Section 1326 satisfies

21   this low threshold. Mr. Carrillo-Lopez's own expert testified that considerations of economic

22   protectionism, national security, and foreign relations motivated the passage of Section 1326. For

23   any of these considerations, Section 1326 is rationally related to these legitimate goals. Section

24   1326 is thus constitutional.

**B.** **Defendant has not carried his burden that Congress acted with racial animus in passing Section 1326 under Arlington Heights.**

Assuming for the purposes of this motion that *Arlington Heights* applies here, this Court holds that a racially discriminatory intent or purpose was not a motivating factor in the enactment of Section 1326. In so holding, this Court joins every single court of dozens to examine this issue with the sole exception of the court that decided *Carrillo-Lopez*.[1] *See United States v. Marco Porras*, No. 21 CR 00158, 2022 WL 1444311, at *2 (N.D. Ill. May 6, 2022) (collecting cases).

The Undesirable Aliens Act of 1929 (UAA) contained a predecessor version of Section 1326, and the Government conceded in *Carrillo-Lopez* that racial animus was a motivating factor in the passage of the UAA.[2] The *Carrillo-Lopez* court relied largely on the legislative history of the UAA to conclude that Section 1326 too was also a product of racial animus. But Section 1326 was a part of a subsequent act of Congress that replaced the UAA, titled the Immigration and Nationality Act of 1952 (INA). From the purported racial animus of the UAA, the *Carrillo-Lopez* court relied extensively on the congressional silence regarding the discriminatory impact on Hispanic peoples to conclude continued racial animus. *Carrillo-Lopez*, 555 F. Supp. 3d at 1011–12; *see United States v. Munoz-De La O*, No. 2:20-CR-134-RMP-1, 2022 WL 508892, at *15 (E.D. Wash. Feb. 18, 2022) (concluding that the assumption that section 1326 was "forever tainted" lay "at the heart" of the court's reasoning in *Carrillo-Lopez*).

The Supreme Court however insists upon "*[p]roof* of racially discriminatory intent or purpose," *Arlington Heights*, 429 U.S. at 265 (emphasis added), and instructs courts to presume Congress acted in good faith, *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018) ("The allocation of

---

[1] The same court that decided *Carrillo-Lopez* has also held Section 1326 unconstitutional in *United States v. Carlos-Vasquez-Ortiz*, 3:21-cr-23-MMD-WGC.

[2] The Government contends this concession was "improvidently made" and does not make the concession here. Nonetheless, as this proposition is not determinative of this case, the Court will assume that the UAA's passage was partially motivated by racial animus.

1    the burden of proof and the presumption of legislative good faith are not changed by a finding of

2    past discrimination."). This Court respectfully disagrees with the *Carrillo-Lopez* court because by

3    relying upon Congress's silence, the court failed to uphold the good faith presumption the Supreme

4    Court requires by presuming bad faith instead.

5           In addition to Congress's silence, the *Carrillo-Lopez* court relied upon three pieces of

6    evidence to find that Congress passed Section 1326 partially because of racial animus. It

7    specifically pointed to the facts that: (1) President Truman vetoed the bill, stating that it would

8    perpetuate "injustices of long standing against many other nations of the world" (Congress

9    overrode the veto); (2) Deputy Attorney General Peyton Ford sent a letter to Congress regarding

10   Section 1326 proposing the statute be "more punitive" and in it quoted the term "wetback"; and

11   (3) the same Congress passed "the so-called 'Wetback Bill' . . . only months prior." *Carrillo-

12   Lopez*, 555 F. Supp. 3d at 1011. This Court follows the reasoning of the majority courts and holds

13   that this evidence is insufficient to find that Congress acted out of racial animus.

14          The President's veto and his statement are not persuasive for three reasons. First, President

15   Truman was not a member of Congress who voted on the INA. Second, President Truman opposed

16   the INA, and courts have cautioned that statements by a bill's opponents are not probative of

17   Congress's motives. *See, e.g.*, *Fieger v. U.S. Att'y Gen.*, 542 F.3d 1111, 1119 (6th Cir. 2008).

18   Third, President Truman's veto statement "tells the Court nothing about what [he] thought

19   about § 1326 specifically" because his "full statement reveals that his concern with the INA [was

20   mostly] about the INA's continued use of the quotas that disfavored immigrants from Asia and

21   southern and eastern Europe, not with its treatment of immigrants from Latin America." *United

22   States v. Machic-Xiap*, 552 F. Supp. 3d 1055, 1075 (D. Or. 2021).

23          The letter from Deputy Attorney General Ford is likewise unpersuasive to show Congress

24   was even partially motivated by racial animus. Deputy Attorney General Ford was not a member

of Congress who voted on the INA and thus his letter "give[s] no direct insight into the motivations of the 1952 Congress that passed the law." *United States v. Munoz-De La O*, No. 2:20-CR-134-RMP-1, 2022 WL 508892, at \*13 (E.D. Wash. Feb. 18, 2022).

The so-called "Wetback Bill" punished immigrants for working illegally but not their employers. The *Carrillo-Lopez* court found this bill to be racist even though it criminalized the harboring or smuggling of illegal aliens. But the only piece of evidence that this legislation was called the "Wetback Bill" is a statement from a single senator that the bill was going to be debated. *Carrillo-Lopez*, 555 F. Supp. 3d at 1015. The Supreme Court has cautioned that for strict scrutiny to apply under *Arlington Heights*, the court must find "evidence that the legislature as a whole was imbued with racial motives." *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2350 (2021); *see also United States v. Sanchez-Felix*, No. 21-CR-00310-PAB, 2021 WL 6125407, at \*7 (D. Colo. Dec. 28, 2021), *reconsideration denied,* No. 21-CR-00310-PAB, 2022 WL 159814 (D. Colo. Jan. 18, 2022) (denying a similar argument on this basis). The evidence here is simply insufficient to find that the legislature as a whole was imbued with racial motives.

In sum, this Court holds that applying the presumption of good faith there is insufficient evidence to conclude that Section 1326 was passed with racial animus as a motivating factor.[3] So again, rational basis scrutiny should apply and as discussed above, Section 1326 easily satisfies this low bar.

///

///

///

---

[3] The Government argues that the *Carrillo-Lopez* court erred in another regard. Specifically (assuming that Section 1326 was enacted because racial animus was a motivating factor and assuming again that *Arlington Heights* applies to Section 1326), the Government has shown Congress would have enacted Section 1326 even if this Court discounted the supposed racial animus. Finding racial animus was not a motivating factor, the Court declines to consider this alternative argument.

1
2

**C.    *Congress's repeated enactment of the statute in the ensuing decades were not done with racial animus as a motive.***

3
4
5
6
7
8
9
10

For strict scrutiny to apply under *Arlington Heights*, Defendant must show that the particular provisions he is charged with were enacted with racial animus as a motive—"He cannot merely point to the general history of racial animus in immigration policy and the absence of a refutation of this history to meet his burden." *United States v. Hernandez-Lopez*, No. CR H-21-440, 2022 WL 313774, at *6 (S.D. Tex. Feb. 2, 2022). Congress has amended Section 1326 five times since its original enactment in 1952 with the latest amendment occurring in 1996, nearly half a century later. "[B]y amendment, a facially neutral provision . . . might overcome its odious origin." *Cotton v. Fordice*, 157 F.3d 388, 391 (5th Cir. 1998).

11
12
13
14
15
16
17

The *Carrillo-Lopez* court discounted these amendments because they were not "substantive" and because they failed to "confront[] the racist, nativist roots of Section 1326." *Carrillo-Lopez*, 555 F. Supp. 3d at 1026. However, Congress passed the amendments "to increase [Section 1326's] deterrent value," which are substantive changes. *Id.* at 1004. And as explained above, inferences of racial animus cannot be drawn from congressional silence as there is the necessary presumption of good faith in these amendments, especially in light of the fact that Congress has numerous legitimate motivations for enacting and preserving Section 1326.[4]

18
19
20
21

Thus, even if *Arlington Heights* applies to Section 1326 and it was initially enacted with racial animus, Defendant has not carried his burden that the version he is being prosecuted with was enacted with racial animus as a motivating factor. As such, the rational basis test applies to the statute, and again Section 1326 satisfies this threshold.

22
23
24

---

[4] For example, Congressman Hamilton Fish IV explained that the 1990 amendment would "not disturb the basic reasons for which we have always, and will always, exclude aliens: For cases where aliens have criminal records, when they are public health risks, when they violate drug laws, when they are likely to become economic burdens on the country, or when they have previously violated U.S. Immigration laws." 136 Cong. Rec. 36844 (Oct. 27, 1990)

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 36) is DENIED.

    IT IS SO ORDERED.

Dated June 13, 2022.

                            ROBERT C. JONES
                        United States District Judge